**Eileen BAILEY, Administrator of the Estate of Jeffrey W. Bailey**

**v.**

**GRAND TRUNK LINES NEW ENGLAND, Canadian National Railway, Midland Division, St. Lawrence Region.**

**Civ. No. 83–290.**

United States District Court, D. Vermont.

Dec. 10, 1984.

John F. Collins, Collins, Collins & DiNardo, P.C., Buffalo, N.Y., and John T. Sartore, Paul, Frank and Collins, Inc., Burlington, Vt., for plaintiff.

Robert B. Hemley, Gravel & Shea, Ltd., Burlington, Vt., for defendant.

## MEMORANDUM OF DECISION

BILLINGS, District Judge.

This matter is presently before the Court on Defendant Canadian National Railway's Motion to Strike Jury Demand. The motion, together with a supporting memorandum of law, was filed on August 2, 1984. The defendant also filed an affidavit in support of its motion attesting to the jurisdictional facts underlying its claim that the jury demand must be striken. That affidavit was filed on August 9, 1984. On October 12, 1984, Plaintiff Eileen Bailey filed a memorandum of law in opposition to Defendant's motion, together with an answering affidavit. The hearing on Defendant's motion was held on October 15, 1984, after which the parties each forwarded correspondence to the Court supplementing their arguments and earlier motion papers.

## BACKGROUND

Plaintiff Eileen Bailey is the Administratrix of the Estate of Jeffrey W. Bailey. The decedent was employed by Defendant as a maintenance-of-way worker. On or about June 3, 1983, Plaintiff's decedent was operating a brush cutting machine which malfunctioned and derailed, causing Plaintiff's decedent injury and, ultimately, death.

Plaintiff brings this cause of action against Defendant under the Federal Employers' Liability Act (FELA) claiming that her decedent's injuries were caused by Defendant's negligence. Specifically, Plaintiff claims the defendant failed to provide Plaintiff's decedent with safe working conditions.

In her Complaint, Plaintiff named Grand Trunk Lines New England and Canadian National Railway as defendants. However, Canadian National was the only defendant to enter an appearance in the case. Though the record does not explicitly bear it out, the Court assumes that, a wholly owned subsidiary of Canadian National, Grand Trunk Lines falls under the auspices of Canadian National for litigation purposes. *See Affidavit in Support of Motion to Strike Jury Demand*, Schedule C at p. 8. The case has proceeded on this basis without objection from Plaintiff.

Along with her Complaint, Plaintiff filed a demand for trial by jury.

## DISCUSSION

Defendant has moved to strike Plaintiff's jury demand on the ground that, pursuant to the Foreign Sovereign Immunities Act (FSIA) 28 U.S.C. §§ 1330 and 1602 et seq., this Court has jurisdiction over the Defendant only to the extent that the claims against it are tried by the Court sitting alone without a jury. Plaintiff, on the other hand, argues that Canadian National and its subsidiary, Grand Trunk Lines New England, are not instrumentalities of the Canadian government and, thus, the FSIA and its limiting jurisdictional rules do not apply in this case. Plaintiff also claims Defendants waived its right to strike the jury demand by filing its motion more than a year after the jury demand was filed. Finally, Plaintiff claims that FELA requires this case to be tried by a jury.

■ Ordinarily, foreign sovereigns are immune from the jurisdiction of United States courts. *Frolova v. Union of Soviet Socialist Republics*, 558 F.Supp. 358 (N.D. Ill.1983). The FSIA codifies the general rule but sets forth several significant exceptions which, if applicable, render a foreign state amenable to suit. The defendant concedes that, because its activities in the United States are commercial in nature, it falls into one of the exceptions contained in the act. *See* 28 U.S.C. § 1605(a)(2). Defendant claims, however, that its immunity is barred only to the extent that the case is tried without a jury.

■ Under the FSIA, district courts have jurisdiction only to the extent permitted by 28 U.S.C. § 1330. That section confers upon the district courts "original jurisdiction without regard to amount in controversy of any *nonjury* civil action against a foreign state as defined in section 1603(a) of this title...." 28 U.S.C. § 1330(a) (emphasis supplied). Failure to try the case by court is reversible error. *Houston v. Murmansk Shipping Co.*, 667 F.2d 1151, 1154–55 (4th Cir.1982). Accordingly, where the complaint contains a request for a jury trial, and the court determines that FSIA applies, the "sensible practice is simply to strike the jury demand." *Id.* at 1154. *See*

*also Ruggiero v. Compania Peruana de Vapores*, 639 F.2d 872 (2d Cir.1981) (court sanctioned striking jury demand in case against foreign sovereign). Thus, it is clear that, if the FSIA applies, this case must be tried without a jury.

■ Whether the FSIA applies in this case depends upon whether Canadian National qualifies as a foreign state. Under FSIA, the terms "foreign state" includes "political subdivision[s] of a foreign state or an agency or instrumentality of a foreign state...." 28 U.S.C. § 1603(a). An "agency or instrumentality" is an entity which:

(1) is a separate legal, person, corporate or otherwise, *and*

(2) is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, *and*

(3) is neither a citizen of a state of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b) (emphasis supplied).

As to the first two prongs of the test set forth in § 1603(b), there is no real dispute. According to the Defendant's affidavit, Canadian National is a corporation organized under the laws of Canada and all its corporate stock is owned by Queen Elizabeth, the queen in right of Canada. *See Affidavit in Support of Motion to Strike Jury Demand*, Schedule C at p. 1. Plaintiff argues, however, that Canadian National is a citizen of a state of the United States and, thus, does not qualify as a instrumentality of a foreign state under the third prong of the § 1603(b) test, quoted above.

Under 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. As Defendant's affidavit bears out, Canadian National is incorporated in Canada. *See Defendant's Affidavit, su-*

*pra,* Schedule C at p. 2. And, though a corporation's principal place of business is ordinarily a question of fact, *see, e.g., Northeast Nuclear Energy Company v. General Electric Company,* 435 F.Supp. 344, 345 (D.Ct.1977), it was conceded at the hearing that Canadian National's principal place of business is in Canada. Thus, there can be little doubt that Defendant Canadian National is not a citizen of a state of the United States within the meaning of 28 U.S.C. § 1332(c), and thus qualifies as an instrumentality of a foreign state within the meaning of § 1603(b).

Plaintiff claims, however, that Grand Trunk, a subsidiary of Defendant, is a corporation incorporated in, and with its principal place of business in, the United States. While there may be significant operations in the United States on the part of Canadian National's subsidiaries, a corporation has one and only one principal place of business which, in this case, is conceded to be in Canada. *See United States Fidelity & Guaranty Co. v. DiMassa,* 561 F.Supp. 348, 351 n. 8 (E.D.Pa.1983). This is true even where subsidiaries are involved. *See Lancer Industries, Inc. v. American Insurance Company,* 197 F.Supp. 894 (W.D.La.1961) (court found the principal place of business of a corporation that owned and controlled six subsidiary companies, all engaged in different manufacturing activities, spread among Mississippi, Louisiana and California to be in New York where all executive and management control was centered).

Plaintiff's claim that Defendant waived its right to have the jury demand striken is without merit. Under the FSIA, this Court does not have jurisdiction to try this case with a jury. *Goar v. Compania Peruana de Vapores,* 688 F.2d 417, 420 (5th Cir.1982). As such, Defendant's motion to strike is akin to a claim that this Court lacks subject matter jurisdiction. Such claims may be raised at any point in the litigation or by the Court *sua sponte* Fed.R.Civ.P. 12(h)(3).

Plaintiff's final argument is that the Federal Employers' Liability Act (FELA), the act upon which her claims are premised, requires this case be tried with a jury. Plaintiff correctly points out that FELA provides for trial by jury and, further, that courts have avidly adhered to FELA's mandate. Nevertheless, this Court simply does not have jurisdiction to try this case with a jury. The purpose of the FSIA's nonjury jurisdictional prerequisite is to promote "uniformity in decision, which is desireable since a desparate treatment of cases involving foreign governments may have adverse foreign relations consequences." H.R.Rep. No. 1487, 96th Cong., 2d Sess. 13, *reprinted in* 1976 U.S. Code Cong. & Ad.News 6604, 6611. Plaintiff's argument is at odds with the intent behind the jurisdictional limits contained in the FSIA.

Accordingly, for the above-stated reasons, Plaintiff's jury demand must be striken.

We note in passing that this result does not interfere with Plaintiff's seventh amendment right to trial by jury. The scope of the right to trial by jury under the seventh amendment is determined by application of an historical test, which requires jury trial only of issues that, viewed in context, would have been tried by a jury in 1791. The law in 1791 did not allow *any* actions, with or without a jury, against a sovereign. Based upon this reasoning, at least two circuit courts have held that the FSIA's proscription against jury trials does not violate the seventh amendment. *See Goar, supra,* 688 F.2d at 424; *Ruggiero, supra,* 639 F.2d at 878–81.

### ORDER

It is hereby ORDERED that Defendant's Motion to Strike Jury Demand is GRANTED.